IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL CRUTCHFIELD,<br><br>    Petitioner<br><br> VS.<br><br>STEVEN UPTON, Warden,<br><br>    Respondents | NO. 3:05-CV-17 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

  Petitioner MICHAEL CRUTCHFIELD has filed a petition herein seeking federal habeas corpus relief. Tab #3.  Respondents STEVEN UPTON, Warden of Hays State Prison, has filed a motion to dismiss this petition for lack of exhaustion of state remedies as required by law. Tab #12  Petitioner CRUTCHFIELD has filed his response to the respondent's motion.  Tab #16.

  28 U.S.C. §2254(b)(1) and (c) provide as follows:

> *(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*
> > *(A) the applicant has exhausted the remedies available in the court of the State; or*
> > *(B)(i) there is an absence of available state corrective process; or*
> > *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
>
> *(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that petitioner's claims should be dismissed because they have never been presented to the state habeas court for review. Tab #12.  In response to the respondent's motion, petitioner does not address the merits of the respondent's motion; he merely states that he is wrongfully imprisoned. Tab #16.  However, a review of the claims submitted herein by petitioner CRUTCHFIELD and a review of the issues considered by the Georgia Court of Appeals reveal that the petitioner, in fact, has never presented these claims now before this *federal* court to a *state* court for consideration.  This he is required to do before he can come into federal court.  Thus, his convictions are unexhausted for the purposes of federal review.

Accordingly, IT IS RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #12) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED** *without prejudice.*[1]  Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, PROVIDED all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST** **ADDRESS** provided by him.

SO RECOMMENDED, this 3rd  day of AUGUST, 2005.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.